## GRIFFEE *v.* THE STATE.

1. CRIMINAL LAW. *Misconduct of jury.* Where, after six jurors had been obtained and placed under the charge of an officer for the night, two of the jurors separate from the others, which was unexplained. *Held:* The court had the right to discharge the jurors so offending. It also appearing that these two jurors had been taken back to the jury-room, and spent the night with the other four, it was proper for the court to discharge the other four jurors, and order a panel *de novo* for trial of the prisoner.

2. SAME. *Same.* The court ordered the four jurors thus discharged placed on the new panel, and they were tendered to the prisoner, no objection having been made to the panel. The jury was obtained without exhausting the challenges of the prisoner, the party declining to accept or reject the jurors tendered. *Held:* No error in this.

FROM COCKE.

Appeal in error from the Circuit Court of Cocke county. J. G. ROSE, J.

J. M. MEEK for Griffee.

ATTORNEY GENERAL LEA for the State.

FREEMAN, J., delivered the opinion of the court

This is a prosecution for carnally knowing and abusing a female child under the age of ten years. The jury in such cases may, at their discretion, under the act of 1871, secs. 1 and 2, commute the punishment from hanging to confinement in the penitentiary for life, or a period not less than ten years. See appendix to Code, p. 148. If this is not done, the

offense is capital. They have not commuted in this case, and the party was sentenced to be hanged.

There is probably but one question very earnestly urged before us for reversal, though others are stated. This question is on the following state of facts on the trial:

Six jurors had been selected, who were placed in charge of an officer to be kept during the night, on adjournment of the court in the evening. Early in the night, while the sheriff was asleep, two of the jurors left the room, and went some few hundred yards to a grocery. The sheriff, learning of the separation, went for them, brought them back to their fellows, with whom they remained, in the same room, till court met next morning. The facts being communicated to the court, the offending jurors were fined ten dollars each, and sent to jail for five days. Thereupon the other four jurors were tendered to the defendant, who declined to accept or reject them. The court then discharged them, as said in the record, because they spent the night with the offending jurors. The court then ordered a full panel *de novo* to be summoned, but directed the sheriff to put the four jurors on this panel. The first one presented was challenged by the State, the other three were respectively passed by the State, and put by the court to the prisoner, whose counsel declined to accept or reject them, saying the court had punished the other two, and he did not know what effect it would have on the others. The court then directed the three to stand aside, saying they would not be forced on the prisoner.

The case proceeded, the jury was obtained, the defendant not exhausting his challenges, having challenged but eight persons.

The question is, whether there is reversible error in this action of the court. It is settled in our State that the court may discharge a juror, even in a capital case, before he is sworn, for sufficient cause. *Lewis* v. *The State*, 3 Head, 143.

It is also settled in *Hines* v. *The State*, 8 Hum., 601–2, that a separation of the jury, unexplained, is sufficient ground on which to grant a new trial, the verdict being vitiated by such state of facts.

There was a separation of the jury in this case, and the probability existed that the two jurors had been tampered with. It was clearly proper to discharge and punish them, as was done by the court. It may have been equally proper, and at any rate was not improper, to discharge the other four, who had ample opportunity to have been tainted by their night's association with the offending jurors, and this in favor of the principle that a jury should be above suspicion in cases involving the life or liberty of the citizen.

Conceding this, the question arises, whether putting the same parties on the next panel, and tendering them to the prisoner as his tryers, was proper, and whether the court erred in what was done in this aspect of the case. The only objection that could have been made by the defendant was to the panel with the parties on it. This objection, however, was not taken, nor any to the want of a full panel, either by reason of their being on it, or after they were set aside by

the court. It is equally clear the prisoner was not prejudiced by what was done, as a jury free from exceptions was obtained without exhausting his challenges. There is no reversible error in this question in any aspect of it.

After careful examination we find no error in the charge of the court. It is a clear statement of the law applicable to the case for the guidance of the jury. On the facts of the case we can but say, that in any view of the case the proof makes out the defendant's guilt. Unless we arbitrarily disregard the testimony, we are compelled to say the little girl was brutally outraged. The fact of carnal knowledge and abuse is beyond question, and this makes out the case, the party being, in law, incapable of assenting, the offense being complete by the act accomplished. The punishment may seem severe, but the offense is one of the most shocking that can be conceived, and well deserves the most emphatic reproof which the law has given a jury the right to inflict for such brutality.

Affirm the judgment.